09-0860-cr
United States v. Serafin

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand and ten.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          No. 09-0860-cr

LUKASZ SERAFIN,

> *Defendant-Appellant,*

Ryszard Grzybek, also known as Tomasz Babau, Zbigniew Growchowski, Krzysztof Tyszko and Tomasz Tyszko,

> *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                    EILEEN F. SHAPIRO, Brooklyn, New York.

1

FOR APPELLEE:                    MICHAEL H. WARREN, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, and Emily Berger, Assistant United States Attorney, *on the brief*), Office of the United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from a February 18, 2009 judgment of conviction of the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*, at trial; Dora L. Irizarry, *Judge*, at sentencing).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction be **AFFIRMED**.

Defendant-appellant Lukasz Serafin ("defendant") appeals from a judgment of conviction entered by the District Court after a jury found him guilty of one count of conspiracy to traffic in stolen motor vehicles, *see* 18 U.S.C. § 371, and one count of trafficking in a stolen motor vehicle, *see id.* § 2313. Defendant was sentenced principally to five years' probation on the condition that he perform 300 hours of community service. He now brings this appeal challenging his conviction, arguing that (1) there was insufficient evidence to support the jury's verdict; (2) the District Court erred in denying a motion to set aside the verdict under Federal Rule of Criminal Procedure 33; and (3) the Court erred in admitting evidence regarding the criminal acts of other members of the conspiracy. We assume the parties' familiarity with the underlying facts, the procedural history of this action, and issues raised on appeal.

## I.    Sufficiency of the Evidence

To assess defendant's claim that the evidence at trial was insufficient to support the jury's verdict, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008). "We must evaluate the evidence in its totality, and uphold the jury's verdict as long as any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rojas*, No. 09-3007-cr, 2010 U.S. App. LEXIS 16679, at *11 (2d Cir. Aug. 12, 2010) (citations, internal quotation marks, and emphasis omitted).

Undertaking that review, we reject defendant's challenge to the sufficiency of the evidence presented at trial. The evidence was sufficient for a rational trier of fact to convict him on both counts.

## II.    Rule 33 Motion

After defendant's trial had ended, defendant's counsel provided the Court with a letter purportedly written by Ryszard Grzybek, a cooperating government witness who had testified

against defendant at trial but, since that time, had been deported to Poland. The letter, which had been received by defendant's father, claimed that Grzybek had been "forced to testify" against defendant and that "everything" he had "testified to against" defendant was "not true." J.A. 119.

On the basis of the letter, defendant moved under Rule 33 to set aside the jury's verdict. The government opposed the motion by, among other things, submitting an FBI report explaining that the Polish National Police had interviewed Grzybek regarding the letter and Grzybek had denied writing it. *See* J.A. 148.

The District Court denied defendant's motion. It noted generally that "'the recantation of testimony given at trial is looked upon with the utmost suspicion.'" J.A. 155 (quoting *Sanders v. Sullivan,* 863 F.2d 218, 225 (2d Cir. 1988)). It then found specifically as follows:

> Suspicion is especially warranted in this case because the "evidence" submitted in support of the recantation is an undated, unsigned, and unsworn blanket statement of recantation attributed to Grzybek that was apparently made at the behest of defendant's father, an interested party. Moreover, the authenticity of the letter is further cast in doubt by the FBI report indicating that the witness denied writing the letter and had refused the telephonic requests by defendant and defendant's father that he write such a letter.

J.A. 156.

We review a district court's denial of a Rule 33 motion for "abuse of discretion." *United States v. Spinelli*, 551 F.3d 159, 164 (2d Cir. 2008). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of N.Y.*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks omitted).

Reviewing the District Court's denial of defendant's Rule 33 motion, we detect no error, let alone an "abuse of discretion." Likewise, to the extent defendant argues that the case be remanded for a further review of the record, we see no need to do so. We therefore affirm the denial of the motion.

III.   **Admission of Evidence Regarding Co-Conspirator's Crimes**

Lastly, defendant claims that the District Court erred in admitting certain evidence of other "conspiratorial conduct" for which co-conspirators Grzybek and Krzystof Tyszko were responsible

but for which defendant was not responsible.  The evidence, defendant claims, created "prejudicial spillover."  Appellant's Br. 38.

Even assuming, for the sake of analysis, that defendant properly preserved that argument by raising it to the District Court, much of the evidence in question was in fact admissible in order for the government to anticipate a credibility attack on cross-examination.  In any event, to the extent that some inadmissible evidence was presented to the jury, we conclude that there was no prejudicial spillover, for the evidence in question was "not so inflammatory as to incite the jury to convict" defendant of the criminal conduct with which he was charged.  *United States v. Naiman*, 211 F.3d 40, 50 (2d Cir. 2000).

## CONCLUSION

We have considered each of defendant's arguments and have determined that each is meritless.  The judgment of conviction is therefore **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court